UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUDY RODRIGUEZ §<br>　　Plaintiff, §<br>§<br>v. §<br>§<br>GREAT LAKES REINSURANCE §<br>(U.K.) PLC AND BRIAN UECKERT §<br>　　Defendants. § | CIVIL ACTION NO. 4:17-cv-3324 |

## NOTICE OF REMOVAL

Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (U.K.) Plc) ("Great Lakes"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.   BACKGROUND

1.   On August 31, 2017, Plaintiff Rudy Rodriguez ("Plaintiff") filed this action in the 240th Judicial District Court of Fort Bend County, Texas, bearing Docket Number 17-DCV-244643 (the "State Court Action") against Great Lakes and Brian Ueckert ("Ueckert"). Plaintiff's Original Petition (the "Complaint") is the live pleading in this case. (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2.   Great Lakes was served with Plaintiff's Complaint on October 2, 2017. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Great Lakes - it being filed no more than thirty (30) days after service of the Complaint on Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

### II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.   Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and the

properly joined defendant, Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND THE PROPERLY JOINED DEFENDANT, GREAT LAKES.**

4.   Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.   Plaintiff alleges in the Complaint that he resides in Fort Bend County, Texas; therefore, he is a citizen of Texas.[1]

6.   Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in the United Kingdom; therefore, Great Lakes is a citizen of the United Kingdom.

7.   Thus, there is complete diversity of citizenship between Plaintiff and the properly joined defendant, Great Lakes.

**B.   UECKERT WAS IMPROPERLY JOINED.**

*i.   Applicable standard for improper joinder.*

8.   The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.[2]  Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[3]  The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[4]  Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity

---

[1] *See* Complaint, at 1.
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[4] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

exists.[5]  "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[6]  "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[7]

9. Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[8]  In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[9]  "This possibility [of recovery], however, must be reasonable, not merely theoretical."[10]  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[11]

10. The Fifth Circuit recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[12]  A plaintiff fails to state a claim upon which relief may be granted as required under Fed. R. Civ. P. 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above

---

[5] *Smallwood*, 385 F.3d at 572.
[6] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[7] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[8] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[9] *Smallwood*, 385 F.3d at 572.
[10] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).
[12] *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL 2918107, at *2 (N.D. Tex. May 18, 2016).

mere speculation.[13] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[16]

11. To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[17] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18] The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[19] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[21]

> ii. *There is no reasonable basis for the Court to predict Plaintiff might be able to recover against Ueckert; therefore, Ueckert was improperly joined.*

12. Plaintiff sued Ueckert, the adjuster assigned to inspect the alleged damage to the property at issue in this case, for alleged violations of Chapters 541 and 542 of the Texas Insurance Code and Section 21.203(5) of the Texas Administrative Code. There is no reasonable basis to predict Plaintiff might be able to recover on any of his claims against Ueckert. First,

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[14] *Id.*
[15] *Id.* at 678.
[16] *Id.*
[17] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[19] *Collins*, 224 F.3d at 498.
[20] *Twombly*, 550 U.S. at 555 (emphasis added).
[21] *Iqbal*, 556 U.S. at 667.

Chapter 542 of the Texas Insurance Code and Section 21.203 of the Administrative Code specifically limit liability for violations of this section to insurers, and Plaintiff has not and cannot allege Ueckert is an insurer. Second, all of Plaintiff's claims against Ueckert relate to Ueckert's investigation of Plaintiff's insurance claim. Although federal courts in Texas have generally held an insurance adjuster can possibly be subject to liability under Chapter 541 of the Texas Insurance Code, **Chapter 541 does not provide for liability for an allegedly inadequate investigation**, rather, it provides liability for unfair settlement practices, which Plaintiff has not and cannot allege Ueckert had authority to do on behalf of Great Lakes in this case. For these reasons and the reasons detailed below, Ueckert was improperly joined.

      **a.    Plaintiff fails to state a claim upon which relief may be granted against Ueckert for allegedly violating Section 542.003(b)(5) of the Texas Insurance Code.**

13.    The Prompt Payment of Claims Act under Chapter 542 of the Texas Insurance Code specifically limits recovery for violations of this section to <u>insurers</u>.[22] As Plaintiffs admit throughout his Complaint, Ueckert is an adjuster, not an insurer. Because he is not an insurer, Ueckert cannot be liable for alleged violations of Chapter 542.[23] Therefore, there is no reasonable basis to believe the Plaintiff will be able to recover on his claim that Ueckert allegedly violated Section 542.003(b)(5) of the Texas Insurance Code.[24]

      **b.    Plaintiff fails to state a claim upon which relief may be granted against Ueckert for allegedly violating the Texas Administrative Code.**

14.    Plaintiff alleges Ueckert violated Section 21.203(5) of the Texas Administrative

---

[22] Tex. Ins. Code § 542.060(a).
[23] *Messersmith*, 10 F. Supp. 3d at 723–24 ("[T]he Prompt Payment of Claims Act applies only to insurers. *See* Tex. Ins. Code § 542.060(a) (limiting the relevant law to insurers). [The adjuster] is not an insurer so she cannot be held liable under it.").
[24] *See id.*

Code. However, Section 21.203 also only applies to insurers.[25] As Plaintiff admits in the Complaint, Ueckert is an insurance adjuster.[26] Plaintiff has not and cannot alleged Ueckert is an insurer. Therefore, there is no reasonable basis to predict that Plaintiff can recover against Ueckert for alleged violation of Section 21.203 of the Texas Administrative Code.

### c. Plaintiff fails to state a claim upon which relief may be granted against Ueckert for allegedly violating Section 541.060(a)(1).

15. Tracking the language of Section 541.060(a)(1) of the Texas Insurance Code, Plaintiff alleges the "adjuster defendant" "misrepresent[ed] one or more material facts and/or policy provisions relating to coverage." There is no reasonable basis to predict Plaintiff can recover on his claim that Ueckert violated Section 541.060(a)(1) of the Texas Insurance Code, because all of Plaintiff's allegations regarding Ueckert relate to his inspection of the property, not details of the policy at issue.

16. Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."[27] Judge Crane in the Southern District of Texas recently held in *Hay* that an in-state adjuster was improperly joined and the plaintiff failed to state a claim against the in-state adjuster under this provision. The plaintiff in *Hay* alleged the in-state adjuster violated Section 541.060(a)(1) by "misrepresenting one or more material facts and/or policy provisions relating to coverage."[28] The Court held "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage"[29] "[A]ctions or omissions by an adjuster in making an inspection are not within the scope of § 541.060(a)(1)

---

[25] 28 Tex. Admin. Code § 21.203 ("No **insurer** shall engage in unfair claim settlement practices. Unfair claim settlement practices means committing or performing any of the following: (1) misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue; . . . (16) failing to respond promptly to a request by a claimant for personal contact about or review of the claim." (emphasis added)).
[26] *See* Compl., 2.
[27] Tex. Ins. Code § 541.060(a)(1).
[28] *Id.*
[29] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235 (S.D. Tex. Aug. 4, 2016), Order Denying Plaintiff's Motion to Remand and Denying as Moot Defendant's Motion to Dismiss, at *7.

because they do not relate to the coverage at issue."[30]  The Court in *Hay* held the plaintiff failed to state a claim under Section 541.060(a)(1) because "aside from her conclusory assertion that he violated this provision—Ms. Hay fails to allege that [the adjuster] made any misrepresentation about the details of the policy at issue."[31]

17.     Similarly, in *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under this section "must be about the details of a policy, not the facts giving rise to a claim for coverage."[32]  "[The adjuster] would have had to represent that [the insured] would receive a particular kind of policy that it did not receive or denied coverage against a loss under specific circumstances that it previously had represented would be covered.""[33]  In *Messersmith*, the plaintiff alleged "there was no damage to [the insured's] roof when in fact there was damage" and "the damage was only cosmetic in nature when in fact there was leaking resulting from the damage."[34]  The Northern District found that these allegations did not give rise to a claim against the defendant adjuster because they were not about the breadth or existence of coverage.  Instead the allegations were about the facts that gave rise to a claim under the policy.[35]

18.     Further, several federal courts have held, "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violation of the [Texas Insurance] Code unless he causes an injury distinguishable from the insured's actions."[36]  "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an

---

[30] *Id.*
[31] *Id.*
[32] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014).
[33] *Id.* at 724 (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983))).
[34] *Id.* at 724 (quotation marks removed).
[35] *Id.*
[36] *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No. 4:13–CV–1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Novelli v. Allstate Texas Lloyd's*, No. H–11–2690, 2012 WL 949675, at *4–5 (S.D. Tex. Mar. 19, 2012)).

insurance company's denial of coverage."[37]  Further, "post loss statements regarding coverage are not misrepresentations under the Insurance Code."[38]

19.     Specifically, the Southern District of Texas has held on numerous occasions that when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.[39]  For example, in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the court held "[s]pecified paragraphs in the petition are directed to [the adjuster], but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate ... These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions."[40]  Based on this conclusion, the court denied the plaintiffs' motion to remand.[41]  Similarly, in *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, the Southern District dismissed an insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer."[42]

20.     The allegations in this case are no different.  Plaintiff alleges Ueckert conducted a substandard inspection of the property and failed to prepare an adequate report of the alleged damage.  On the face of these allegations, Plaintiff has failed to state claim against Ueckert for violation of Section 54.1060(a)(1).  Just as in the cases cited above, Ueckert's alleged actions are indistinguishable from Great Lakes' alleged actions, and all of Plaintiff's allegations regarding

---

[37] *Id.* (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex.2014)).
[38] *Id.* (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–56 (Tex.2012); *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14–CV–2839, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)).
[39] *Nasti*, 2014 WL 710458, at *3.
[40] No. H–10–1846, 2011 WL 240335, at *14 (S.D. Tex. Jan.20, 2011).
[41] *Id.*
[42] No. 4:10–CV–4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept 13, 2012).

Ueckert relate solely to the facts regarding Ueckert's inspection of the property. Beyond merely tracking the language of the Insurance Code, which is insufficient to state a claim upon which relief may be granted, Plaintiff makes no factual allegations that Ueckert made any representations to him regarding provisions of the policy or the breadth and existence of coverage, as is required to state a claim under Section 541.060(a)(1).[43] Further, Plaintiff has not and cannot allege Ueckert had authority to settle claims or make coverage determinations on behalf of Great Lakes. Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict Plaintiff can recover against Ueckert for alleged violations of Section 541.060(a)(1).

### d. Plaintiffs fails to state a claim upon which relief may be granted against Ueckert for allegedly violating Section 541.060(a)(2)(A) & (B).

21. Section 541.060(a)(2)(A) & (B) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion."[44] Tracking the language of these provisions, Plaintiff alleges the "adjuster defendant" "fail[e]d to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear" and "fail[e]d to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to

---

[43] *See TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).
[44] Tex. Ins. Code § 541.060(a)(2)(A) & (B).

another portion of the policy."

22.    The court in *Messersmith* stated that, "[i]n essence the section forces insurance companies to pay a claim when the evidence is 'reasonably clear' that it must."[45]  In *Messersmith*, the court held "Zimmer [the adjuster] cannot be held liable under [Section 541.060(a)(2)(A)] because, as an adjuster, Zimmer does not have settlement authority on behalf of Nationwide; her sole role is to assess the damage.  Consequently, this fails to state a claim against her."[46]  The scenario in this case is identical to that in *Messersmith*.  Ueckert does not have settlement authority on behalf of Great Lakes.  His sole role was to assess the alleged damage to the Plaintiff's property.  This is reflected by the fact that all of the "factual" allegations in Plaintiff's Complaint regarding Ueckert only relate to his inspection of the property.

23.    Addressing many of the same allegations under the same Insurance Code provisions, the Court stated in *Hay* that "[e]ach of these violations is based on one common thread of liability: the denial of a valid claim."[47]  The Court further held:

> Even assuming that an adjuster may be held liable for these provisions, Ms. Hay has pled no facts alleging that, as an adjuster, Mr. Lopez had any authority to settle claims on behalf of Great Lakes.  Nor has Ms. Hay alleged that Mr. Lopez had any control over the timeliness of communications regarding her claim, or that he contributed in some way to a delay in the disposition of her claim. Instead, she merely claims that his investigation was "outcome-oriented," without alleging any facts that would plausibly give rise to any liability against Mr. Lopez under these provisions.[48]

Thus, the Court determined the plaintiff failed to state a claim against the in-state adjuster under Sections 541.060(a)(2), and the in-state adjuster was improperly joined because the plaintiff failed to allege any facts that the adjuster had any authority to settle claims on behalf of Great

---

[45] *Messersmith*, 10 F.Supp.3d at724.
[46] *Id.*
[47] *Id.* at *8.
[48] *Id.*

Lakes, or had any control over the timeliness of communications regarding the claim.[49]

24. Following this same reasoning, the Southern District, in *Lopez v. United Prop. & Cas. Ins. Co.*, recently held "[t]he majority of federal courts that have addressed [Section 541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters" because the adjuster does not have settlement authority on behalf of the insurer.[50] For this reason, the Court in *Lopez* found the plaintiff failed to state a claim against the in-state adjuster under Section 541.060(a)(2)(A) of the Texas Insurance Code.[51] Therefore, Plaintiff's allegations in this case against Ueckert for allegedly violating Section 541.060(a)(2)(A) & (B) fail to state a claim.

### e. Plaintiff fails to state a claim upon which relief may be granted against Ueckert for allegedly violating Section 541.060(a)(3).

25. Section 541.060(a)(3) provides that it is an unfair settlement practice to "fail[ ] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]" The Court in *Mainali Corp. v. Covington Specialty Ins. Co.* held "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial

---

[49] *Id.*
[50] *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) (citing *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014)); *Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex. App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex. App.–Dallas Mar. 30, 2016, no. pet. h.); *but see Roach v. Vehicle*, No. 3:15–CV–3228–G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) (finding adjusters may be liable under § 541.060(a)(2) because "the insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based.")).
[51] *Id.*

of a claim, or offer of a compromise or settlement of a claim."[52]  For these same reasons, the Court in this case should determine Plaintiff failed to state a claim against Ueckert under Section 541.060(a)(3).  Ueckert, as the adjuster, also had no obligation to provide Plaintiff with a reasonable explanation of the basis in the policy for the insurer's determination regarding the claim, and Plaintiff has not and cannot allege Ueckert had authority to offer a compromise or settlement of the claim.  Therefore, Plaintiff failed to state a claim against Ueckert under Section 541.060(a)(3).

        **f.    Plaintiff fails to state a claim upon which relief may be granted against Ueckert for allegedly violating Section 541.060(a)(4).**

26.    Again tracking the language in the Insurance Code, Plaintiff alleges Ueckert "refus[e]d to affirm or deny coverage within a reasonable time."  Section 541.060(a)(4) provides "that it is an unfair settlement practice to fail[] within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder[.]'"[53]  The court in *One Way Investments, Inc.* held "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."[54]  The Court should reach the same conclusion in this case.  Plaintiff has not and cannot allege Ueckert had authority on behalf of Great Lakes to affirm or deny coverage.  Therefore, Plaintiff has failed to stat a claim upon which relief may be granted against Ueckert.

        **g.    Plaintiff fails to state a claim upon which relief may be granted against Ueckert for allegedly violating Section 541.060(a)(7).**

27.    Section 541.060(a)(7) prohibits "refusing to pay a claim without conducting a

---

[52] No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)
[53] *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) (quoting Tex. Ins. Code § 541.060(a)(4)).
[54] *Id.*

reasonable investigation with respect to the claim."[55] The court in *Messersmith* held "the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances."[56] The court further held "[t]hose who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation." Plaintiff alleges in this case that Ueckert "refus[e]d to conduct a reasonable investigation," "ignor[ed] damage known to be covered by the Policy," and "conduct[ed] an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim." Plaintiff does not and cannot allege Ueckert "is the insurance company" or an "individual at the insurance company" such that he would be liable under Section 541.060(a)(7). Further, all of Plaintiff's "factual" allegations relate solely to Ueckert's investigation, which, as the court held in *Messersmith*, is not actionable under Section 541.060(a)(7). Based on the foregoing, Plaintiff has failed to state a claim upon which relief may be granted against Ueckert under the Insurance Code; therefore, Ueckert was improperly joined.

      **h.    Plaintiff's Complaint merely tracks the language of the Insurance Code and fails to allege any facts upon which Plaintiff may recover against Ueckert.**

28.    Federal district courts in Texas have consistently held that "mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[57] All of the Plaintiff's "allegations" in his form Complaint against Ueckert merely track the language of the applicable statute or elements of the common-law cause of action. Plaintiff's conclusory and baseless

---

[55] Tex. Ins. Code § 541.060(a)(7).
[56] *Messersmith*, 10 F.Supp.3d at 725.
[57] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

statements regarding Ueckert fail to provide a reasonable basis for the Court to predict that the Plaintiff might be able to recover against Ueckert; therefore, he was improperly joined.

29. The Northern District of Texas determined an in-state adjuster had been improperly joined in a case with pleadings almost identical to the Complaint in this case.[58] In *Weldon Contractors, Ltd.*, the plaintiff alleged the adjuster was assigned to adjust the claim, hired to inspect the property, and hired to determine the extent of damage caused by a hail storm.[59] The plaintiff also alleged the adjuster failed to assess the damage on all of the premises which sustained wind and hail damage, failed to properly inspect the buildings to assess the full extent of the damage, and failed to meet the guidelines as promulgated by Texas law in the evaluation, adjusting and coverage of the plaintiff's claim.[60] The court held that "[t]hese allegations are really legal conclusions couched as factual allegations, with no factual support in the petition."[61] The court further stated, "[f]or example, nowhere in the petition does plaintiff allege that [the adjuster] made any representations or misrepresentations to [Plaintiff] of any kind, except the conclusory assertion[s]."[62] Regarding the plaintiff's allegations that the adjuster violated the Texas Insurance Code, the court held that the plaintiff simply restated the provisions of the Texas Insurance Code and failed to allege any facts showing that the adjuster actually performed any act that could be construed as a violation of the Texas Insurance Code.[63] Based on these findings, the court denied the plaintiff's motion to remand and determined that the adjuster was improperly joined.[64]

30. First, Plaintiff's allegations against Ueckert are nearly identical to the allegations

---

[58] *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, *2–3 (N.D. Tex. 2009).
[59] *Id.* at *3.
[60] *Id.*
[61] *Id.*
[62] *Id.*
[63] *Id.*
[64] *Id.*

in *Weldon Contractors, Ltd.* Here, the Plaintiff alleges "[t]he INSURANCE DEFENDANT assigned the loss and the claim to [Ueckert] who was at all pertinent times the agent of the INSURANCE DEFENDANT . . . . ADJUSTER DEFENDANT inspected Plaintiff's property on or about May 2, 2017. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determine the cause of and then quantifying all of the damage done to Plaintiff's property."[65] Plaintiff further alleges that "[t]he ADJUSTER DEFENDANT failed to properly inspect the property and damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to properly estimate the claim, and failed to properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all covered damages."[66] The remainder of the Plaintiff's allegations against Ueckert merely track the language of the Texas Insurance Code. For example, Plaintiff's Complaint tracks section 541.060(a)(1) of the Texas Insurance Code and alleges Ueckert "misrepresent[ed] one or more material facts and/or policy provisions relating to coverage," without any actual facts to support the allegations.[67] Even if the Court takes Plaintiff's statements regarding Ueckert as true, Plaintiff's allegations are nothing more than "legal conclusions couched as factual allegations, with no factual support in the petition."[68] As the court held in *Weldon Contractors, Ltd.*, these types of conclusory statements without actual factual support are not enough to provide a reasonable basis for the Court to predict Plaintiff might be able to recover against Ueckert.

---

[65] *Id.* at 11–12.
[66] *Id.*
[67] *Id.* at 8.
[68] *See Weldon Contractors, Ltd.*, 2009 WL 1437837, *3.

C.  **AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

31.  Plaintiff is seeking "monetary relief, the maximum of which is over $100,000 but not more than $200,000."[69] Because the face of the Complaint establishes that Plaintiffs seek damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.  VENUE

32.  Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 240th Judicial District Court of Fort Bend County, Texas, the forum in which the removed action was pending.

### IV.  ADDITIONAL REQUIREMENTS

33.  Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the 240th Judicial District Court of Fort Bend County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

34.  Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[70]

35.  Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

    **Exhibit A**:    Listing of All Parties and Counsel of Record;

    **Exhibit B**:    Civil Cover Sheet;

---

[69] *See* Complaint, at 14.
[70] *See* **Exhibit C**: Index of All Documents Filed in State Court Action.

**Exhibit C**: Index of All Documents Filed in State Court Action;

**Exhibits C-1 - C-7**: Copies of all filings in State Court Action and State Court Docket Sheet; and

**Exhibit D**: List of Action Being Removed.

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) Plc), prays that this matter be removed to the United States District Court for the Southern District of Texas, Houston Division, for further proceedings and disposition.

Respectfully submitted,

By: */s/ Tiye Foley*
**Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**Tiye Foley**
Texas Bar No. 24088874
Federal ID No. 2192852
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) Plc)*

## CERTIFICATE AND NOTICE OF FILING

I certify that on November 1, 2016, the Notice of Removal was sent to the District Clerk of Fort Bend County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

*/s/ Tiye Foley*
Tiye Foley

## **CERTIFICATE OF SERVICE**

  IT IS HEREBY CERTIFIED that on November 1, 2017, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

  Robert A. Pollom
  Jake S. Rogiers
  Ketterman Rowland & Westlund
  16500 San Pedro, Suite 302
  San Antonio, Texas  78232
  ***CM/RRR #7014 2870 0000 2457 1828***

              */s/ Tiye Foley*
              Tiye Foley